UNITED STATES GYPSUM CO. *v.* ZACKS.

DAMAGES—LOSS OF PROFITS—DUTY TO MINIMIZE LOSS.

Where plaintiff furnished material for tile partitions and roofing under its contract with defendants, but did not install them because it was instructed by defendants not to do so, and the time of payment for said material had elapsed before plaintiff was instructed not to proceed with the work, and defendants filed a lien, on the building, including therein the cost of said tile furnished by plaintiff, the latter is entitled to recover from defendants the cost of the tile and its loss of profits; it not being its duty, under the circumstances, to retake the tile and sell

Damages, 17 C. J. §§ 99, 172; 53 L. R. A. 59; 6 R. C. L. 1030; 3 R. C. L. Supp. 269; 5 R. C. L. Supp. 386; 6 R. C. L. Supp. 424.

them for best price obtainable for the purpose of mini-
mizing its loss.

Error to Wayne; Mandell (Henry A.), J.   Sub-
mitted October 7, 1926.   (Docket No. 36.)   Decided
December 8, 1926.

Assumpsit by the United States Gypsum Company
against Nathan Zacks and Michael M. Lerner, copart-
ners as Zacks & Lerner, and others for breach of a
construction contract.   Judgment for plaintiff.   De-
fendants bring error.   Affirmed.

*Anthony Maiullo* (*Harry J. Connine,* of counsel),
for appellants.

*Clark, Emmons, Bryant & Klein,* for appellee.

SHARPE, J.   On July 31, 1922, plaintiff entered into
a written contract with defendants Zacks and Lerner
(hereafter called the defendants) wherein it agreed
to furnish the material for and erect the interior tile
partitions in a building then being constructed in
Hamtramck, according to the plans and specifications
which had been prepared therefor.   The defendants,
who were subcontractors under the defendant Ross,
the general contractor, agreed to pay plaintiff for such
material and work the sum of $910, payable as
follows:

"On or before the tenth (10) day of each calendar
month eighty-five (85%) per cent. of the value of all
materials delivered upon the premises of the purchaser
by the contractor, and of work performed by the con-
tractor, during the next preceding calendar month.
Final payment to be made within thirty (30) days
after the completion of said tile partitions by the con-
tractor.   If the contractor is unable to complete all
work embodied in this contract due to delays by the
purchaser or by other trades or for any cause beyond

the control of the contractor, full payment shall be made to the contractor on the last day of the month for all materials delivered and for all work performed during previous months."

On the same day another written contract was entered into by the same parties wherein the plaintiff agreed to furnish the materials and erect the "tile roof deck" over the building according to such plans and specifications, for which it was to receive from the defendants the sum of $3,035, payable in the manner above provided for the tile partitions.

In August and September, 1922, the material necessary for the construction of the partitions and roof was shipped by plaintiff to Detroit and conveyed by its agents to the building. Soon after, plaintiff's salesman, accompanied by its construction superintendent, visited the building and had a conversation with the defendant Zacks about the work. In answer to a later inquiry over the telephone, Zacks said that he was not being paid by Ross and that plaintiff should not begin until notified to do so. On December 4th, Zacks notified plaintiff's agent that defendants intended to file a lien for the material furnished and work done by them and that plaintiff should not proceed with its work. The defendants soon after filed such lien, and included in it the cost of the partition and roofing tile which plaintiff had placed in the building. It was stipulated by counsel that the profit which plaintiff would have made, had it been permitted to perform its contracts, would have been $882.50.

Plaintiff brought this action to recover the cost of the material furnished by it and its loss of profit, and recovered judgment for $2,763.44, which defendants here review by writ of error.

Defendants' counsel insisted upon the trial and urge here that the court was in error in not holding that

it was the duty of the plaintiff, when advised that it could not proceed with its work under the contracts, to minimize its loss by retaking possession of the tile and selling them at the best price obtainable therefor, and in refusing to admit proof relating thereto.

Plaintiff furnished this material under its contracts. The time of payment therefor was agreed upon, and had elapsed before the date when plaintiff's agent was told not to proceed with the work. The cost of the material was thus segregated from the labor cost. Defendants included the amount in the lien filed by them, and had a suit pending to foreclose such lien at the time of the trial. The trial court was clearly right. The defendants might have disposed of the tile, but chose to obtain the cost thereof in the proceedings to enforce their lien.

Plaintiff was entitled to recover its loss of profits. *Federal Bond & Mortgage Co.* v. *Burstein,* 222 Mich. 88, 92, and cases cited.

The judgment is affirmed.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.